WIRT ADAMS, STATE REVENUE AGENT, *v.* KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD COMPANY.

RAILROADS.    *Stock law.    Landowner.    Right of way.    Not subject to fence tax.    Act* 1888, *p.* 118.

A railway company is not, as to its rights of way, a landowner in the sense in which that term is employed in the Act of March 9, 1888 (Laws, p. 118), whereby boards of supervisors are authorized to levy a special tax on all landowners of any stock law district established thereunder.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

This was a suit brought by the state revenue agent against the railroad company, before a justice of the peace, for $58.25, amount alleged to be due and unpaid on a special stock law tax of one mill, levied by the board of supervisors of Monroe county for the purpose of maintaining the fences inclosing the fifth supervisor's district of said county, which had been declared a stock law district. The claim was made under sec. 2 of the act of March 9, 1888 (Laws, p. 118), in which it is provided that "the board of supervisors shall levy a special tax on all landowners of the district or districts to be inclosed or protected sufficient to pay all the expenses of inclosing or fencing the same," and sec. 3 of said act, in which it is provided "that on each subsequent year the board of supervisors shall levy a special tax sufficient to make all necessary repairs on said fence; *provided,* that no one except the landowners

within the inclosed district or districts shall pay any part of the levy so made.'' In the account filed by the plaintiff he based the demand on defendant's ownership of something over six miles of railway track lying in the special stock law district in question, assessed at $8,500 per mile.

On defendant's appeal to the circuit court from an adverse judgment, there was a trial *de novo* on the merits, at which the following facts were agreed on in open court: That the defendant's railway, right of way and track extended through the stock law district, and was the only property of defendant situated therein; that the defendant was assessed by the state railroad commission for the year 1895—being the year for which the tax was claimed—at $8,500 per mile; that the special tax of one mill was duly levied by the board of supervisors for the purpose of repairing the stock law fence; that defendant, if liable at all, would be liable for the amount claimed, and had not paid the same; and that the deeds conveying to defendant a right of way through said district were in the form of fee simple conveyances. On these facts plaintiff rested, and defendant moved to exclude them as evidence, on the ground that the defendant was not a landowner within the meaning of the statute, and, therefore, not liable for the tax.

The court sustained the motion and gave judgment for defendant, and plaintiff's motion for a new trial having been overruled, he prosecuted this appeal.

*Gilleylen & Leftwich*, for the appellant.

1. The defendant by its charter, was authorized to acquire in fee simple the land over which its track was built. Acts 1886, p. 191. The habendum clause in the deeds under which it held its right of way through this stock law district shows a fee simple title.

2. But if it only had an easement, it was still a landowner. 12 Am. & Eng. Enc. L., p. 655, note and cases; *Johnson* v. *Richardson,* 33 Miss., 464.

3. The act of March 9, 1888, was not repealed by the code of 1892, because it was a local act and within the saving clause of § 2064 of that code. 13 Am. & Eng. Enc. L., p. 980; *Jones* v. *Melchior*, 71 Miss., 115; *State* v. *Ellett*, 21 Am. St. Rep., pp. 788 and 789, and note.

*Wallace Pratt* and *J. W. Buchanan*, for the appellee.

We submit that neither under the act of 1888, nor under the code, is the right of way and tracks of a railroad such landed property as was contemplated to be taxed for the purpose of building fences or maintaining the same, nor is the railroad company such a landowner as was contemplated under the several acts or the code. The code, § 2062, the last expression of the legislative will on this subject, clearly marks out and defines the character of the lands liable to be taxed for these purposes. It provided for a levy and collection of taxes on specific lands, "whose owners, by reason of the advantages accruing to them or their tenants or employes, are deemed the proper persons to bear the burden; but no advantage shall be considered except that of depasturing stock." There certainly could be no advantage accruing to the railroad company, or its tenants or employes, to say nothing of the fact that a railroad company has no tenants or employes or live stock, such as was referred to in this section. The closing paragraph of the section clearly defines the character of property to be taxed, and that is only those lands whose owners would be benefited by depasturing stock. The railroad company is not in the farming business, nor can it be inferred that it has stock to be depastured. Counsel for appellant, to break the force of § 2062, code of 1892, resorts to the proposition that the act of 1888, chapter 91, was a local law, and was not repealed by the code of 1892. Even admit, for the sake of argument, that this chapter 91, acts of 1888, was not repealed, which we do not concede, still we insist that the railroad company, under acts of 1888, was not such a landowner whose property was liable for a levy for

this special tax for the purpose of building and maintaining these inclosures.

WHITFIELD, J., delivered the opinion of the court.

The railroad, on the facts in this case, was not a landowner, in the sense of these words in the act of 1888 (Laws 1888, p. 119), and was, hence, not liable for the stock law tax. It was not engaged in farming or raising stock. The scheme for railroad taxation deals with that part of railroads constituting the right of way, whether owned in fee, or held as an easement only, as an agency for transportation, etc.—a common carrier —and is wholly different from the method of taxation applied to the ordinary landowner. No question arises here as to taxation of detached lands, the six and a half miles of right of way only being within the stock law district.

*Affirmed.*